**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**EASTERN DIVISION**

BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,

Plaintiff-Counter Defendant,

v.

ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,

Defendant-Counterclaimant.

Case No. ____________________

(E.D. Va. Case No. 1:22-cv-01343-CMH-IDD)
(Hon. Claude M. Hilton)

**MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND AS REDACTED**

---

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff-Counter Defendant
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff-Counter Defendant
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

TROUTMAN PEPPER HAMILTON SANDERS LLP
Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
Attorneys for Defendant-Counterclaimant
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com

(248) 740-7505
ljensen@hallrender.com
kejones@hallrender.com

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel
Attorneys for Non-Party The Health Law Partners, P.C
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com

---

**PLAINTIFF'S MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND AS REDACTED**

Pursuant to Local Rule 5.3, Plaintiff Bond Pharmacy, Inc., d/b/a AIS Healthcare ("Plaintiff" or "AIS"), respectfully moves this Court for leave to file under seal (1) Exhibits 3 and 5 to its Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony (the "Motion to Compel"), and (2) the portions of its memorandum in support of its Motion to Compel that quote from or reference those documents, for the reasons set forth in the accompanying memorandum.

Dated: September 11, 2023

Respectfully submitted,

/s/ Larry R. Jensen

Larry R. Jensen
Hall Render Killian Heath & Lyman, PC
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
ljensen@hallrender.com

By: ____________

Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff-Counter Defendant AIS*

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I served via email and UPS a true and correct copy of the foregoing document on all counsel of record:

Clinton Mikel
The Health Law Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com
*Attorneys for Non-Party The Health Law Partners, P.C.*

Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com
*Attorneys for Defendant-Counterclaimant Anthem*

By: /s/ Larry R. Jensen

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION**

BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,

Plaintiff-Counter Defendant,

v.

ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,

Defendant-Counterclaimant.

Case No. ____________________

(E.D. Va. Case No. 1:22-cv-01343-CMH-IDD)
(Hon. Claude M. Hilton)

**MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND AS REDACTED**

---

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff-Counter Defendant
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff-Counter Defendant
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

TROUTMAN PEPPER HAMILTON SANDERS LLP
Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
Attorneys for Defendant-Counterclaimant
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com

(248) 740-7505
ljensen@hallrender.com
kejones@hallrender.com

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel
Attorneys for Non-Party The Health Law Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND AS REDACTED**

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Whether the Court should enter an order authorizing the sealing of (1) Exhibits 3 and 5 to Plaintiff's Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony, and (2) the portions of its memorandum in support of its Expedited Motion that quote those documents.

ANSWER: Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

## Cases

*Avomeen Holdings, LLC v. Thandedar*, 2018 WL 8806093 (E.D. Mich. 2018).

*Tecnomatic S.p.A. v. ATOP S.p.A.*, 2023 WL 584021 (E.D. Mich. 2023).

## Rules

Local Rule 5.3 of the Eastern District of Michigan.

# TABLE OF CONTENTS

**Page**

SUMMARY ........................................................................................1

STANDARD ......................................................................................3

ARGUMENT .....................................................................................4

I. The Court Should Grant Plaintiff's Request To File The HLP Documents And Unredacted Memorandum Under Seal Temporarily. ..............................4

II. Non-Party And Third-Party Privacy Interests ...............................................5

III. Materials Covered By A Protective Order ....................................................5

IV. Copies Of Sealed Documents ........................................................................5

V. Index Of Materials To Be Filed Under Seal....................................................6

CONCLUSION .................................................................................6

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Avomeen Holdings, LLC v. Thandedar*,
2018 WL 8806093 (E.D. Mich. 2018).....2

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
825 F.3d 299 (6th Cir. 2016).....3

*Tecnomatic S.p.A. v. ATOP S.p.A.*,
2023 WL 584021 (E.D. Mich. 2023).....2

**Other Authorities**

Local Rule 5.3.....1, 2

Pursuant to Local Rule 5.3 and Section 10 of the parties' Stipulated Confidentiality Order for the action captioned, *Bond Pharmacy, Inc., d/b/a AIS Healthcare v. Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield*, Case No. 1:22-cv-1343, proceeding in the District Court for the Eastern District of Virginia (the "EDVA Action"), Plaintiff Bond Pharmacy, Inc. d/b/a AIS Healthcare ("AIS"), moves the Court to file temporarily under seal (1) Exhibits 3 and 5 to Plaintiff's Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony ("Motion to Compel"), and (2) the portions of its memorandum in support of its Motion that quote or reference those documents.

**SUMMARY**

Out of an abundance of caution, AIS seeks to file under seal documents that the Health Law Partners, P.C. ("HLP"), designated confidential and the portions of AIS's briefing that quote those documents. AIS has only filed this motion in light of HLP's designations and does not take a position on the propriety of its designations. HLP should be required to respond to this motion to explain the basis for its designations and why they should be upheld, and should it fail to do so, the sealing order should promptly be lifted. AIS also sought HLP's consent to this motion, but HLP has not responded with its position on the issue.

In relation to their litigation filed in the U.S. District Court for the Eastern District of Virginia, AIS and Defendant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), agreed to a Stipulated Confidentiality Order applicable to discovery materials produced or created. *See* Exhibit ("Ex.") A (the "Order"). The Order applies to the parties to the EDVA Action as well as "all non-parties from whom discovery may be sought," and permits non-parties providing discovery to "invoke the terms" of the Order. *Id.* §§ 2-4. Under Section 10 of the Order, if materials subject to the Order are filed with the Court, "the Confidential Information shall be filed under seal or appropriately redacted." *Id.* § 10(d).

On July 14, 2023, AIS issued a subpoena to HLP for documents and deposition testimony. *See* Ex. B. In response, HLP made two small document productions. *See* Ex. C, Ex. 3 to Motion to Compel. AIS also took the deposition of HLP's corporate representative on September 1, 2023. During the deposition, HLP's counsel designated all documents and deposition testimony produced by HLP in response to the subpoena as confidential information under the EDVA Action's Order. *See* Ex. D, Ex. 5 to Motion to Compel at 4:24-5:7.

Unfortunately, HLP's unreasonable conduct at deposition and refusal to answer AIS's questions forced AIS to file an Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony against HLP.

AIS has attached to its supporting Memorandum a copy of HLP's document production (Ex. 3) and the deposition transcript of its corporate representative (Ex. 5) (collectively, the "HLP Documents").

Counsel for HLP considers these documents and information confidential. Thus, AIS moves this Court temporarily to seal the HLP Documents and its unredacted Memorandum in support of its Motion to Compel in their entirety, and publicly file its Memorandum with all references to HLP's confidential information redacted.

## **STANDARD**

The Court has "supervisory powers over its own records and files," including whether to seal documents. *Avomeen Holdings, LLC v. Thandedar*, 2018 WL 8806093, at *1 (E.D. Mich. 2018). Documents are properly sealed "upon a finding of a compelling reason why certain documents or portions thereof should be sealed," Local Rule 5.3.(b)(3)(C), and a showing that the compelling and narrowly tailored interest in sealing the records outweighs the public's interest in accessing the records, *see Tecnomatic S.p.A. v. ATOP S.p.A.*, 2023 WL 584021, at *1 (E.D. Mich. 2023).

## ARGUMENT

### I. The Court Should Grant Plaintiff's Request To File The HLP Documents And Unredacted Memorandum Under Seal Temporarily.

AIS has a compelling interest in filing the HLP Documents and the portions of its Memorandum quoting those documents under seal. Under Section 10 of the Order, the parties agreed not to "disclose or permit the disclosure of Confidential Information," except in limited circumstances. *See* Ex. A § 10. HLP "invoked" the Order and designated its documents and deposition testimony as confidential. *See id*. §§ 2-4. As such, any material designated under the Order as "confidential" must be filed under seal or appropriately redacted. *See id.* § 10. While AIS takes no position as to whether HLP's confidentiality assertions are accurate or appropriate, as a party to the EDVA Action AIS has a compelling interest in sealing the HLP Documents to ensure its own compliance with the Order.

AIS's compliance with the Order also outweighs the public's interest in accessing these materials. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Additionally, AIS's request temporarily to seal these exhibits is narrowly tailored. AIS does not seek to redact or seal any of its own documents through this motion. AIS only requests temporarily to seal records designated as "confidential" by a non-party under the Order. *See* Ex. A, §§ 2-4. AIS cannot redact HLP's document production or deposition transcript because they have been designated entirely confidential by a

non-party. Therefore, there are no less drastic alternatives to sealing available at this time that would allow AIS to uphold its obligations under the Order.

## II. Non-Party And Third-Party Privacy Interests

As reflected in the foregoing brief and exhibits, non-parties affected by the filing of these submissions are HLP and its attorneys. AIS only files this motion for temporarily sealing the materials explained above in light of HLP's designations.

## III. Materials Covered By A Protective Order

In light of HLP's confidentiality designations, the HLP Documents and any references thereto are subject to the Stipulated Confidentiality Order entered in the EDVA Action.

## IV. Copies Of Sealed Documents

The following documents are submitted with this Motion:

- Attached as Exhibit C to this Motion is a blank page representing the sealed copy of the unredacted HLP document production, Exhibit 3 to AIS's Motion to Compel. A true and accurate copy of the complete production is submitted as a sealed document herewith.

- Attached as Exhibit D to this Motion is a blank page representing the sealed copy of the unredacted deposition transcript of HLP's corporate representative, Exhibit 5 to AIS's Motion to Compel. A true and accurate

copy of complete deposition transcript is submitted as a sealed document herewith.

- Attached as Exhibit E to this Motion is a blank page representing the unredacted version of AIS's Memorandum in support of its Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony. A true and accurate copy of the complete Memorandum is submitted as a sealed document herewith.

## V. Index Of Materials To Be Filed Under Seal

| **Document or Section** | **Whether Defendant Objects** |
|---|---|
| Exhibit 3 to Plaintiff's Motion For Order Compelling Production of Documents and Deposition Testimony Pursuant to Subpoena. | Unknown |
| Exhibit 5 to Plaintiff's Motion For Order Compelling Production of Documents and Deposition Testimony Pursuant to Subpoena. | Unknown |
| Redacted portions of AIS's Memorandum in support of its Expedited Motion For An Order Compelling Production Of Documents And Deposition Testimony, which quote Exhibits 3 and 5. | Unknown |

## CONCLUSION

The Court should grant Plaintiff's motion to temporarily seal the materials and information identified herein until the Court has ruled on the propriety of the designations made by HLP should it choose to defend them.

Dated: September 11, 2023

Respectfully submitted,

/s/ Larry R. Jensen
Larry R. Jensen
Hall Render Killian Heath & Lyman, PC
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
ljensen@hallrender.com

By: ______________
Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff-Counter Defendant AIS*