**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION**

BOND PHARMACY, INC., d/b/a AIS
HEALTHCARE,

      Plaintiff-Counter Defendant,

v.

ANTHEM HEALTH PLANS OF
VIRGINIA, INC., d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD,

      Defendant-Counterclaimant.

Case No. _____

(E.D. Va. Case No. 1:22-cv-01343-
CMH-IDD)
(Hon. Claude M. Hilton)

**PLAINTIFF'S EXPEDITED MOTION
FOR AN ORDER COMPELLING
PRODUCTION OF DOCUMENTS
AND TESTIMONY**

---

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff-Counter
Defendant
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH
& LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff-Counter
Defendant
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

TROUTMAN PEPPER HAMILTON
SANDERS LLP
Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
Attorneys for Defendant-Counterclaimant
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com

(248) 740-7505
ljensen@hallrender.com
kejones@hallrender.com

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel
Attorneys for Non-Party The Health Law
Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com

---

## PLAINTIFF'S EXPEDITED MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS AND TESTIMONY

Pursuant to Federal Rule of Civil Procedure 37(a)(2) and Local Rule 7.1, and for the reasons set forth in its memorandum in support of this motion, Bond Pharmacy Inc., d/b/a AIS Healthcare ("AIS"), moves this Court to compel production of documents and deposition testimony pursuant to the subpoena *duces tecum* served on non-party the Health Law Partners, P.C. ("HLP"), on July 14, 2023, in the underlying action styled, *Bond Pharmacy, Inc. d/b/a AIS Healthcare v. Anthem Health Plans of Virginia d/b/a Anthem Blue Cross and Blue Shield*, Case No. 1:22-cv-01343-CMH-IDD (E.D. Va.) (the "EDVA Action").[1]

As required by Local Rule 7.1(a), AIS requested a conference with HLP to explain the nature of the motion, its legal basis, and attempted to narrow the areas of disagreement. The conference was held on September 11, 2023, wherein AIS

---

[1] AIS also subpoenaed HLP's New York affiliate, The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group, A Division of Health Law Partners, P.C. HLP accepted service of both subpoenas and agreed that its corporate designee would testify on behalf of both entities.

requested, but did not obtain, concurrence in the relief sought.  Given the close of

discovery in the underlying action, AIS must file this motion today.

Dated:  September 11, 2023

Respectfully submitted,

/s/ Larry R. Jensen

Larry R. Jensen
Hall Render Killian Heath & Lyman, PC
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
ljensen@hallrender.com

By:

Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff-Counter Defendant AIS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2023, I served via email and UPS a true and correct copy of the foregoing document on all counsel of record:

Clinton Mikel
The Health Law Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com
*Attorneys for Non-Party The Health Law Partners, P.C.*

Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com
*Attorneys for Defendant-Counterclaimant Anthem*

By: /s/ Larry R. Jensen

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### EASTERN DIVISION

BOND PHARMACY, INC., d/b/a AIS
HEALTHCARE,

      Plaintiff-Counter Defendant,

v.

ANTHEM HEALTH PLANS OF
VIRGINIA, INC., d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD,

      Defendant-Counterclaimant.

Case No. _____

(E.D. Va. Case No. 1:22-cv-01343-
CMH-IDD)
(Hon. Claude M. Hilton)

**PLAINTIFF'S EXPEDITED MOTION
FOR AN ORDER COMPELLING
PRODUCTION OF DOCUMENTS
AND TESTIMONY**

---

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff-Counter
Defendant
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH
& LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff-Counter
Defendant
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

TROUTMAN PEPPER HAMILTON
SANDERS LLP
Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
Attorneys for Defendant-Counterclaimant
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com

(248) 740-7505
ljensen@hallrender.com
kejones@hallrender.com

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel
Attorneys for Non-Party The Health Law
Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS AND TESTIMONY**

## STATEMENT OF THE ISSUE

Whether the Court should compel non-party The Health Law Partners, P.C. ("HLP"), to comply with a properly issued and valid subpoena from the United States District Court for the Eastern District of Virginia and produce relevant non-privileged documents and testimony after it refused to provide a competent witness and withheld documents and testimony based on facially improper objections.

ANSWER: Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002).

*In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983).

*Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981).

## Court Rules

Fed. R. Civ. P. 26

Fed. R. Civ. P. 30

Fed. R. Civ. P. 37

Fed. R. Civ. P. 45

# TABLE OF CONTENTS

<u>**Page**</u>

INTRODUCTION ...............................................................................................1

BACKGROUND ...............................................................................................2

STANDARD.......................................................................................................8

ARGUMENT ...................................................................................................10

    I.    The Court Should Order HLP To Produce A Competent Corporate Designee Pursuant To Rule 30(b)(6)..................................10

    II.    The Court Should Order HLP To Produce Non-Privileged Testimony And Documents.................................................................11

    III.    The Court Should Sanction HLP For Its Discovery Misconduct And Award AIS Its Attorney's Fees And Costs. ...............................14

CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Bergano v. City of Virginia Beach*,
    296 Va. 403 (2018) ......................................................................................10

*CH Holding Co. v. Miller Parking Co.*,
    2013 WL 4516382 (E.D. Mich. 2013)........................................................7, 12

*In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*,
    293 F.3d 289 (6th Cir. 2002) ........................................................................10, 11

*Cont'l Auto. Sys. US, Inc. v. Schrader Elecs., Inc.*,
    2014 WL 12659421 (E.D. Mich. 2014).......................................................7, 8, 9

*Datatrak Int'l, Inc. v. Medidata Sols., Inc.*,
    2015 WL 12734894 (N.D. Ohio 2015).................................................................8

*In re Grand Jury Investigation No. 83-2-35*,
    723 F.2d 447 (6th Cir. 1983) .....................................................................9, 10, 11

*Hamilton v. Rubin*,
    2006 WL 1751901 (Mich. Ct. App. 2006) ..........................................................9

*Morales v. Portuondo*,
    154 F. Supp. 2d 706 (S.D.N.Y. 2001) ...............................................................11

*Operating Eng's Loc. 324 Health Care Plan v. Mid Mich. Crushing &
    Recycling LLC*,
    2011 WL 1464851 (E.D. Mich. 2011).................................................................7

*Owen v. Birmingham Fed. Sav. & Loan Ass'n*,
    27 Mich. App. 148 (1970) ...........................................................................10, 11

*Prudential Def. Sols., Inc. v. Graham*,
    517 F. Supp. 3d 696 (E.D. Mich. 2021) .........................................................9, 11

*Reed Dairy Farm v. Consumers Power Co.*,
    227 Mich. App. 614 (1998) .........................................................................10, 11

*Seattle Times Co. v. LeatherCare, Inc.*,
    232 F. Supp. 3d 959 (E.D. Mich. 2017) ..............................................................7

*Tocco v. Tocco*,
    2006 WL 8431950 (E.D. Mich. 2006).................................................................7

*United States v. Leggett & Platt, Inc.*,
    542 F.2d 655 (6th Cir. 1976) ..............................................................6

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981)..............................................................................10

*Warnaco, Inc. v. Freund*,
    94 F.R.D. 237 (E.D.N.Y. 1980)...........................................................9

*Waskul v. Washtenaw Cnty. Cmty. Mental Health*,
    569 F. Supp. 3d 626 (E.D. Mich. 2021) .......................................8, 12

*William Beaumont Hosp. v. Medtronic, Inc.*,
    2010 WL 2534207 (E.D. Mich. 2010)....................................7, 8, 12

## **Other Authorities**

Federal Rules of Civil Procedure

    Rule 26 .................................................................................................7

    Rule 30 ...............................................................................................12

    Rule 37 .........................................................................................7, 12

    Rule 45 .................................................................................................7

# INTRODUCTION

AIS brings this motion to compel non-party the Health Law Partners, P.C. ("HLP"), to comply with its basic discovery obligations and produce relevant, non-privileged documents and testimony sought pursuant to a proper Rule 45 subpoena from the United States District Court for the Eastern District of Virginia.

As part of litigation pending in the Eastern District of Virginia, Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS") served a subpoena on HLP seeking documents and testimony related to its campaign to convince healthcare payors, including Defendant Anthem Health Plans of Virginia, d/b/a Anthem Blue Cross And Blue Shield ("Anthem"), to investigate AIS and breach its payment obligations to it.

In response, HLP has stonewalled compliance, and obstructed AIS's proper discovery efforts. Based on specious objections, HLP thus refused to produce relevant, non-privileged documents in its possession and competent and complete testimony.

Accordingly, AIS must now seek the Court's assistance to enforce the Eastern District of Virginia subpoena. It therefore requests this Court to order HLP to produce both a competent corporate designee for deposition as well as the relevant non-privileged documents and testimony it has improperly withheld.

Also, this Court should sanction HLP and award AIS its fees and costs in connection with bringing this matter before the Court.

## BACKGROUND

### *AIS Sues Anthem In Virginia Federal Court*

AIS is an accredited compounding pharmacy and leading provider of home infusion therapy services.  Complaint ("Cmplt.") ¶ 1, Exhibit ("Ex.") 1.  These services allow patients suffering severe conditions, such as multiple sclerosis and cancer, to receive custom medications through surgically-implanted intrathecal pumps that deliver targeted relief daily.  *Id.*  Home infusion therapy carries significant benefits for patients and payors.  It allows patients to receive necessary pain relief without the devastating side effects of oral opioids while going about their daily lives.  And home infusion therapy is substantially less costly than alternative inpatient care.

AIS sued Anthem, one of the largest healthcare insurance companies in the world, in the U.S. District Court for the Eastern District of Virginia (the "EDVA Action"), to obtain redress for Anthem's wrongful refusal to pay AIS for the vital care it provided Anthem's members under the parties' provider agreement.  *See generally*, *id.*  The EDVA Action remains ongoing, and the parties are nearing completion of discovery.  *See* Ex. 2.  Fact discovery closes in the EDVA Action on September 12, 2023.  *See id.*

During discovery, AIS discovered emails between Anthem and HLP, a law firm based in Michigan. Those communications showed that HLP contacted Anthem on multiple occasions, purportedly on behalf of certain clients, to encourage Anthem to investigation and audit AIS's provider claims and billing practices and deny its properly submitted claims. *See* HLP Production, Ex. 3. HLP made sweeping and unsubstantiated allegations that AIS engaged in billing fraud and accused AIS of violating various laws, regulations, and standards, as well as AIS's confidential provider agreement with Anthem, based on information it supposedly had "seen and heard." *Id.* at 2. After receiving these communications, Anthem started to investigate AIS and refused to pay it for services provided to Anthem members.

### *HLP Refuses To Comply With The Eastern District Subpoena*

After discovering HLP's role in the events underlying its lawsuit against Anthem, AIS issued a subpoena from the Eastern District of Virginia for non-privileged documents and testimony. *See* Subpoena, Ex. 4.[1] AIS requested non-privileged information related to communications between HLP and third-parties concerning AIS, its services, billing practices, and claims. *Id*. at Attachment A. AIS also sought information concerning HLP's involvement in any investigation,

---

[1] AIS also subpoenaed HLP's New York affiliate, The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group, A Division of Health Law Partners, P.C. HLP accepted service of both subpoenas and agreed that its corporate designee would testify on behalf of both entities.

audit, or litigation against AIS by a third party, including Anthem. *Id*. This information is highly relevant to AIS's claims in the EDVA Action as it bears directly on the purported basis for Anthem's bogus investigation of AIS and the use of it as a means to deny AIS contractually-owed payments. Cmplt. ¶¶ 76-83, 94, 96, 107, 122 & 126.

In response to AIS's subpoena, HLP produced fewer than 20 documents. Its production failed to include obviously relevant materials such as engagement letters and documents received from third parties about AIS. Ex. 3. Despite HLP's assertion that privilege permitted it to withhold other relevant documents, Deposition Transcript of Robert Dindoffer ("Tr.") at 80:25-81:4 & 40:1-41:5, Ex. 5, it failed to produce a privilege log. The parties then scheduled a deposition of HLP's corporate representative, Robert Dindoffer, for September 1, 2023, in advance of the EDVA Action's September 12, 2023, discovery cut-off.

At deposition, HLP proffered a woefully unprepared and belligerent 30(b)(6) witness who refused to answer questions based on improper objections, and engaged in other obstructionist and unprofessional conduct.

HLP failed to produce a competent 30(b)(6) witness to testify on the nine topics noticed in AIS's subpoena. *See* Ex. 4. Despite testifying that he was prepared to address each of AIS's deposition topics, Mr. Dindoffer could not answer numerous questions related to the topics. *See* Ex. 5. Mr. Dindoffer:

- Could not recall how HLP received contact information for Anthem employees (Topics 6 & 7), Tr. at 49:18-50:6;

- Could not recall how HLP obtained a copy of AIS's confidential provider agreement with Anthem (Topics 4 & 5), *id*. at 71:19-74:6;

- Could not recall the substance or extent of HLP's communications with Blue Cross Blue Shield of Michigan regarding AIS (Topic 6 & 7), *id*. at 99:9-101:7;

- Could not recall the substance or extent of HLP's communications with Anthem regarding AIS (Topics 6 & 7), *id*. at 101:20-25; and

- Could not recall the insurers other than Anthem and Blue Cross Blue Shield of Michigan with whom HLP discussed AIS (Topics 6 & 7), *id.* at 120:4-15.

Mr. Dindoffer also could not answer questions seeking information related to the documents memorializing communications he prepared and sent Anthem. *See id.* at 78:13-79:11 & 88:13-89:3.

During Mr. Dindoffer's deposition, HLP's counsel (an HLP partner himself), directed Mr. Dindoffer not to answer valid questions based on frivolous objections.  For example, HLP:

- Refused to identify any of HLP's "specialty pharmacy clients," which it referenced in its production and correspondence to Anthem, Tr. at 31:17-34:14;

- Refused to testify about whether certain AIS competitors were clients of HLP, *id*. at 34:23-35:9; 36:6-20; 36:24-37:12;

- Refused to answer whether "Anthem has retained HLP as counsel," *id.* at 38:21-39:4;

- Refused to testify whether any insurance companies or commercial payors were clients of HLP, *id*. at 37:22-38:25;

- Refused to identify any clients HLP is currently representing, specifically clients that are home infusion therapy providers, *id*. at 38:17-20;

- Refused to testify about how HLP "c[a]me to learn" of AIS, *id*. at 41:11-17;

- Refused to testify whether HLP "learn[ed] of AIS from a current or former AIS employee," *id*. at 43:4-44:18;

- Refused to answer "whether any current or former AIS employees are a client of HLP," *id*. at 43:20-25;

- Refused to testify regarding whether HLP ever conducted an independent investigation of AIS, *id*. at 45:1-12;

- Refused to testify whether "a third party," other than a client, raised compliance concerns related to AIS with HLP, *id*. at 53:7-15; 55:10-22;

- Refused to describe documentation referenced in an email that HLP sent to Anthem (and that Mr. Dindoffer in fact authored), *id*. at 63:1-64:18 (stating "I'm not answering with respect to anything that is outside of the email");

- Refused to testify regarding how HLP obtained the Provider Agreement between AIS and Anthem, including whether HLP "obtain[ed] the Anthem provider agreement from a party other than a client," *id*. at 67:11-68:14;

- Refused to testify about how HLP became familiar with Anthem's claim coverage standards, *id*. at 69:6-70:7;

- Refused to testify regarding HLP's access to explanation of benefits claim documents, which were referenced in HLP's email to Anthem, *id*. at 75:2-77:5;

- Refused to testify regarding any information related to HLP's emails to Anthem personnel, *id*. at 62:14-64:18; 77:7-78:8; 113:12-115:5;

- Refused to testify regarding the "specific information or evidence" HLP had to "support its claims in [its] email" to Anthem about AIS's billing practices, *id*. at 82:12-84:2;

- Refused to identify the clients on behalf of whom HLP submitted its compliance complaints to Anthem, *id*. at 96:18-97:18; 107:17-109:4; and

- Refused to testify regarding why HLP submitted complaints to Anthem's Empire Blue entity, *id*. at 112:11-23.

HLP also testified at deposition that it did not produce responsive documents, such as engagement letters of the clients it referenced in its correspondence to Anthem regarding AIS on the basis of privilege. *Id*. at 39:6-41:7; Ex. 4 at Attachment B. At the same time, HLP failed to produce a privilege log identifying a single relevant document it had withheld.

HLP further impended AIS's discovery efforts with dubious antics. Instead of answering AIS's questions or stating its objections on the record, Mr. Dindoffer and HLP's counsel, Clinton Mikel:

- Repeatedly argued with and interrupted AIS's counsel, *id*. at 33:7-13; 71:5-15;

- Mocked AIS's counsel's questions rather than answering them, *id*. at 46: 12-21; 47:12-18; 61:22-25; 91:1-22; and

- Called AIS's counsel "man," despite AIS's counsel's repeated requests to be called by his name, and mocked counsel's preferred

pronoun, *id*. at 47:12-17 52:11-25; 90:20-25; 91:1-22; 95:12-13; 116:6.

HLP and Mr. Mikel's behavior severely impeded AIS's proper discovery efforts.

AIS has incurred approximately $40,000 in attorney's fees and costs to prepare the subpoena to HLP, meet and confer with HLP, prepare for and take the deposition of HLP's corporate representative, and prepare this motion.[2]

## STANDARD

The Federal Rules of Civil Procedure authorize "extremely broad" discovery. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976); *see also CH Holding Co. v. Miller Parking Co.*, 2013 WL 4516382, at *2 (E.D. Mich. 2013). A party is thus entitled to discovery "on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence." *Miller Parking*, 2013 WL 4516382, at *2; Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has "*any tendency* to make the existence of *any fact* that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Miller Parking*, 2013 WL 4516382, at *2 (emphasis added). In applying the discovery rules, relevance should be "broadly and liberally

---

[2] AIS will provide invoices for its attorney's fees and costs associated with this matter in redacted form or for an in camera review based on the Court's orders.

construed." *Tocco v. Tocco*, 2006 WL 8431950, at *1 (E.D. Mich. 2006). And under Rule 30(b)(6), a corporation must make a good faith effort to put forth a witness who has knowledge of the matters sought and prepare the witness to "answer fully, completely, and unevasively." *Cont'l Auto. Sys. US, Inc. v. Schrader Elecs., Inc.*, 2014 WL 12659421, at *4 (E.D. Mich. 2014).

These rules of discovery apply with equal force to non-party witnesses who, under Rule 45, are directed to produce relevant documents and testify at deposition. *See Operating Engineers Loc. 324 Health Care Plan v. Mid Michigan Crushing & Recycling LLC*, 2011 WL 1464851, at *2 (E.D. Mich. 2011); Fed. R. Civ. P. 45(a)(1)(A)(iii). Where a non-party refuses to meet its discovery obligations, a motion to compel should be brought in the court where the discovery is or will be taken. Fed. R. Civ. P. 37(a)(2); *see Seattle Times Co. v. LeatherCare, Inc.*, 232 F. Supp. 3d 959 (E.D. Mich. 2017). And a court should grant a motion to compel where a non-party offers a 30(b)(6) witness that is evasive or unprepared, fails to produce relevant non-privileged documents, or otherwise fails to meet their discovery obligations. *See William Beaumont Hosp. v. Medtronic, Inc.,* 2010 WL 2534207, at *8-9 (E.D. Mich. 2010); *Datatrak Int'l, Inc. v. Medidata Sols., Inc.*, 2015 WL 12734894, at *5 (N.D. Ohio 2015). A court should further award the moving party its attorney's fees and costs in preparing the motion to compel. *See Medtronic*, 2010 WL 2534207, at *8-9; *Waskul v. Washtenaw Cnty. Cmty. Mental*

*Health*, 569 F. Supp. 3d 626, 639-40 (E.D. Mich. 2021).  Applying these rules, the Court should order HLP fully and promptly to comply with the subpoena and award fees and costs to AIS based on HLP's discovery misconduct.

## ARGUMENT

### I.    The Court Should Order HLP To Produce A Competent Corporate Designee.

Under Rule 30(b)(6), HLP was required to provide a competent witness to testify on the topics identified in the Eastern District subpoena and notice of deposition.  *See Schrader*, 2014 WL 12659421, at *4.  That means HLP's designee was required to have "knowledge of the matters sought" and "answer fully, completely, and unevasively."  *Id*.  But HLP refused to put forth a competent witness for questioning.  Despite testifying that he was prepared to address AIS's nine deposition topics, Mr. Dindoffer, could not (or would not) answer many straightforward and relevant questions bearing directly on AIS's identified topics.  Tr. at 21:16-24:23; Ex. 4; *supra* at 4-5.

Instead, Mr. Dindoffer refused to answer questions that sought *any information* outside of the specific text of the documents HLP produced.  Tr. at 78:13-79:11.  For example, Mr. Dindoffer testified that he could not recall which insurance payors (other than Anthem) HLP had contacted about AIS.  *Id*. at 120:4-15.  Mr. Dindoffer similarly asserted he could not answer questions because they involved the "intent" of HLP, even though he appeared on HLP's behalf and

*authored* the emails to Anthem that were at issue and that HLP produced. *Id*. at 88:13-89:3.

Ultimately, HLP did not provide a 30(b)(6) witness who had "knowledge of the matters sought" and who could "answer fully, completely, and unevasively." *Schrader*, 2014 WL 12659421, at *4. The Court should therefore order HLP to provide a corporate designee who is *prepared* to testify on the noticed deposition topics and will testify fully on such topics. *See Id*.

## II. The Court Should Order HLP To Produce Non-Privileged Testimony And Documents.

In addition to refusing to provide a competent corporate designee, HLP repeatedly refused to answer AIS's questions based on meritless privilege assertions. *See supra* at 4-5. HLP refused to identity its clients, the factual basis for HLP's knowledge about AIS and its billing practices, and the substance of communications between HLP and parties that are not its clients, including Anthem. None of these communications is privileged, a point that AIS's counsel explained by citing controlling precedent at deposition. Tr. at 31:17-33-6.

*First*, the identity of HLP's clients is not privileged. *See In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451 (6th Cir. 1983) ("The federal forum is unanimously in accord with the general rule that the identity of a client is, with limited exceptions, not within the protective ambit of the attorney-client privilege."); *Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 704 (E.D.

Mich. 2021) ("In general, the fact of legal consultation or employment, clients'

identities, attorney's fees, and the scope and nature of employment are not deemed

privileged"); *Warnaco, Inc. v. Freund*, 94 F.R.D. 237, 238 (E.D.N.Y. 1980)

(denying motion to quash and ordering attorney to testify at deposition regarding

identity of client); *Hamilton v. Rubin*, 2006 WL 1751901 at *3 (Mich. Ct. App.

2006) ("The identity of a client is not privileged unless disclosure would reveal the

substance of confidential communications"); *Bergano v. City of Virginia Beach*,

296 Va. 403, 409 (2018) ("The identity of the client, the amount of the fee, the

identification of payment by case file name, and the general purpose of the work

performed are usually not protected from disclosure by the attorney-client

privilege.").[3] HLP must therefore identity its clients.

    *Second*, the attorney-client privilege does not protect the factual basis for

HLP's knowledge of AIS and its billing practices. *See Upjohn Co. v. United*

*States,* 449 U.S. 383, 395 (1981); *Reed Dairy Farm v. Consumers Power Co.*, 227

---

[3] Federal courts have recognized limited exceptions to this general rule, none of which apply.
*See In re Grand Jury*, 723 F.2d at 451. The legal advice exception does not apply because
revealing the identity of HLP's clients will not implicate its clients in a criminal offense on
account of which HLP was retained. *See id*. Nor does the last link exception apply because
revealing the identity of HLP's clients will not provide the last link in a chain of incriminating
evidence or lead to its client's indictment. *See id*. And the *Harvey* exception does not apply
because identifying HLP's clients will not disclose confidential communications. *See id*.
Indeed, HLP *voluntarily* disclosed the substance of its communications with its clients to
Anthem (and potentially other third-parties). Ex. 3. Accordingly, the *Harvey* exception does not
apply. *See Owen v. Birmingham Fed. Sav. & Loan Ass'n*, 27 Mich. App. 148, 163-64 (1970); *In
re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002).

Mich. App. 614, 619-20 (1998) ("The United States Supreme Court . . . [has]

determined that the attorney-client privilege is limited to *communications* between

employee and counsel, not facts.") (emphasis in original); *Bergano*, 296 Va. 403 at

409 ("The attorney-client privilege protects confidential *communications*.")

(emphasis added).  Thus, HLP must disclose "any relevant fact within [its]

knowledge even if it incorporated a statement of that fact into a communication."

*Reed Dairy*, 227 Mich. App. at 620.  Its refusal to do so is improper and without

basis.  *Supra* at 4-5.

   *Third*, the attorney-client privilege does not bar disclosure of

communications between HLP and third-parties that are not its clients.  The

"attorney-client privilege exists to protect confidential communications between a

lawyer *and his client*."  *In re Grand Jury*, 723 F.2d at 451 (emphasis added).  But

the privilege is waived where the communication is voluntarily made – or intended

to be made – in the presence of a third party.  *See Owen*, 27 Mich. App. at 163-64;

*Morales v. Portuondo*, 154 F. Supp. 2d 706, 730 (S.D.N.Y. 2001).  Thus, HLP

cannot assert privilege over communications that its client requested it disclose to

third parties like Anthem.  *See Owen*, 27 Mich. App. at 163-64; *In re*

*Columbia/HCA*, 293 F.3d at 294 (6th Cir. 2002) ("A client may waive the privilege

by conduct which implies a waiver of the privilege or a consent to disclosure.");

*see supra* at 4-5; Ex. 3.  Nevertheless, HLP refused to answer questions regarding

the substance of its communications with Anthem and other third-parties.  Tr. at 37:25-38.

Further, to the extent HLP has withheld documents, including but not limited to its engagement letters and other non-privileged communications and information related to its communications with Anthem, those documents are not privileged either for the same reasons.  *Supra at* 5; *see Graham*, 517 F. Supp. 3d at 704; *Reed Dairy*, 227 Mich. App. at 619-20.  Accordingly, the Court should direct HLP to produce relevant non-privileged documents and information as well.  *See Graham*, 517 F. Supp. 3d at 704; *Reed Dairy*, 227 Mich. App. at 619-20.

## III.    The Court Should Sanction HLP For Its Discovery Misconduct And Award AIS Its Attorney's Fees And Costs.

The Court should further sanction HLP for its willful refusal to comply with the Eastern District subpoena and award AIS its fees and costs.  Sanctions are appropriate where a non-party refuses to comply with the rules of discovery or "impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2) & Fed. R. Civ. P. 37(a)(5)(A).  Here, HLP has no justification for its failure to produce a competent corporate representative, its baseless assertions of privilege, and its unprofessional conduct at deposition.  *See Medtronic*, 2010 WL 2534207, at *9 (granting motion for sanctions where "[n]either Defendant's lack of preparation . . . nor its broad assertion of attorney-client privilege . . . was substantially justified."); *Waskul*, 569 F. Supp. 3d at 639 (finding sanctions

"warranted because of [the party's] stubborn and meritless insistence that [it] need not produce" discovery). Indeed, HLP's conduct at deposition shows HLP deliberately acted to "impede" AIS's ability to take a "fair" deposition. *See* Fed. R. Civ. P. 30(d)(2). HLP should be sanctioned for its conduct, which frustrated AIS's discovery efforts and needlessly increased its time and expense to obtain proper discovery. *See Waskul*, 569 F. Supp. 3d at 639; *supra* at 5-6.

## CONCLUSION

The Court should grant AIS's motion and award it fees and costs.

Dated: September 11, 2023

Respectfully submitted,

/s/ Larry R. Jensen
Larry R. Jensen
Hall Render Killian Heath & Lyman, PC
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
ljensen@hallrender.com

By: 
Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931

Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff-Counter Defendant AIS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2023, I served via email and UPS a

true and correct copy of the foregoing document on all counsel of record:

Clinton Mikel
The Health Law Partners, P.C.
32000 Northwestern Hwy #240,
Farmington Hills, MI, 48334
Telephone: (248) 996-8510
cmikel@thehlp.com
*Attorneys for Non-Party The Health Law Partners, P.C.*

Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
harry.liberman@troutman.com
*Attorneys for Defendant-Counterclaimant Anthem*

By: /s/ Larry R. Jensen