UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION

| | |
|---|---|
| BOND PHARMACY INC., d/b/a AIS HEALTHCARE, | Case No. 2:23-mc-51368-LVP-DRG |
| Plaintiff, | District Judge: Hon. Linda V. Parker |
| | Magistrate Judge: Hon. David Grand |
| vs. | |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | **NON-PARTIES' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING SCHEDULE** (E.D. Va. Case No. 1:22-cv-01343-CMH-IDD) (Hon. Claude M. Hilton) |
| Defendants. | |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Paul Werner
Imad Matini
Amanda Witt
Attorneys for Plaintiff-Counter Defendant
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
(202) 747-1931
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
awitt@sheppardmullin.com

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Larry R. Jensen (P60317)
Kathryn E. Jones (P75431)
Attorneys for Plaintiff-Counter Defendant
101 W. Big Beaver Road, Suite 745
Troy, Michigan 48084

THE HEALTH LAW PARTNERS, P.C.
Clinton Mikel (P73496)
Attorneys for **Non-Parties**
The Health Law Partners, P.C.
and Robert Dindoffer, Esq.
32000 Northwestern, # 240,
Farmington Hills, MI 48334
(248) 996-8510
cmikel@thehlp.com

TROUTMAN PEPPER HAMILTON SANDERS LLP
Michael E. Lacy
Sarah E. Siu
Virginia Bell Flynn
Callan G. Stein
Harry J. Liberman
Attorneys for Defendant-Counterclaimant
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
michael.lacy@troutman.com
sarah.siu@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com

Harry.liberman@troutman.com

**NON-PARTIES' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN EXPEDITED
BRIEFING SCHEDULE**

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

Whether this Court should issue Plaintiff's requested expedited briefing schedule, which would alter the Local Rule 7.1(e)(1) Standard Briefing Schedule and place undue burden upon and force non-parties to respond to a lengthy Motion in one day on an issue of great significance affecting other non-parties who are not directly involved in this discovery, when the requesting Plaintiff engaged in significant and unjustifiable delay; waited until the eleventh hour on the eve of the close of its fact discovery in the Eastern District of Virginia case ("**EDVA Case**") to request relief; has requested an extension of fact discovery before; was well aware that fact discovery was closing in the EDVA Case on September 12, 2023; and, where the non-parties directly involved in discovery are in the process of retaining outside counsel, and where Plaintiff's motion in chief, in large part, seeks to compel materials and testimony that invade the attorney-client privilege possessed by non-parties who are not directly involved in discovery?

ANSWER: No.

## **MOST CONTROLLING AUTHORITY**

Local Rule 7.1

Atlantech, Inc. v Am. Panel Corp., 11-50076, 2011 WL 2265539, at *2 (E.D. Mich. June 8, 2011). (emphasis added).

Black v Gordon, 1:20-CV-1143, 2020 WL 12618927, at *1 (W.D. Mich. Dec. 9, 2020).

Davis v Wayne County Election Commn., 20-11819, 2020 WL 7353475, at *2 (E.D. Mich Dec. 15, 2020)

## INTRODUCTION

Non-Parties, The Health Law Partners, P.C. and Robert Dindoffer, Esq. (the "**HLP Parties**") respectfully submit this memorandum of law in support of their opposition to Plaintiff, Bond Pharmacy, Inc. d/b/a AIS Healthcare's ("**AIS**"), motion for an expedited briefing schedule.

Plaintiff AIS asks this Court to order an expedited briefing schedule and expedited consideration of its Motion For An Order Compelling Production Of Documents And Testimony against the non-party HLP Parties. For all the following reasons, an expedited briefing schedule or any alteration of the Local Rule 7.1(e) Standard Briefing schedule should be denied in its entirety.

## BACKGROUND

This matter arises from AIS's breach of contract lawsuit pending in the United States District Court for the Eastern District of Virginia (**"EDVA"**) against Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross Blue Shield ("**Anthem**").

On August 16, 2023, AIS issued a subpoena in the EDVA Case for non-privileged documents and for deposition testimony to the HLP. ("Subpoena;" **EXHIBIT 1**). This was less than a month before the September 12, 2023, closing of fact discovery in AIS/Anthem's EDVA Case. (**EXHIBIT 2**).

Notably, fact discovery (as well as other EDVA case deadlines) have been extended before. On April 13, 2023, Bond Pharmacy filed a Consent Motion for

5

Extension of Time to Complete Discovery, which was granted by the EDVA court, moving the close of fact discovery from July 14, 2023, to September 12, 2023. (Id.). On June 28, 2023, a Joint Motion was submitted to the Court requesting extension of other deadlines, but stating that "The close of fact discovery, scheduled for September 12, 2023, will not be extended." (**EXHIBIT 3**). As such, Plaintiff was well aware of the looming fact discovery deadline.

Upon receipt of the Subpoena, Counsel for HLP worked diligently and tirelessly with AIS regarding search parameters, deposition parameters, and to provide responsive documents. (Declaration of Clinton Mikel, dated September 12, 2023 ("Decl. Mikel"), ¶ 3).

Orally, counsel for AIS represented to HLP's counsel that, if an HLP representative were to sit for a deposition, AIS would not inquire about, and had no interest in, HLP's client(s) name(s), or other privileged matters. (Decl. Mikel, ¶ 4). **Based on this explicit oral representation made by AIS's counsel, that no inquiry would be made regarding the identity of HLP's client, HLP agreed to and promptly produced Robert Dindoffer, Esq. to sit for a September 1, 2023, deposition without filing a Motion to Quash/seeking a Protective Order**. (Decl. Mikel, ¶ 5).

As to document production, counsel for HLP promptly and fully provided all relevant, non-privileged information, finalizing its production on **August 21, 2023**. (Decl. Mikel, ¶ 6).

6

**Eleven (11) days then lapsed** with AIS having the entirety of HLP's document production. AIS raised no issues regarding the document production. (Decl. Mikel, ¶ 7).

At the **September 1, 2023,** deposition it became clear, near the outset, that counsel for AIS had mislead HLP's counsel and was not honoring their oral representation/promises to HLP's counsel regarding the agreed to metes and bounds of subject-matter areas of questioning. In stark contrast to what was promised, counsel for AIS sought privileged, non-relevant, information, including the name of HLP's third-party client. (Decl. Mikel, ¶ 8).

**Blindsided by AIS's misrepresentations**, during the deposition, HLP's counsel lodged various objections based on attorney-client privilege and, in tandem, instructed the HLP witness to refuse to answer on FRCP 30(c)(2) bases ("*A person may instruct a deponent not to answer only when necessary to preserve a privilege…*"). (Decl. Mikel, ¶ 9).

At the eleventh hour, on Monday, **September 11**, 2023, AIS filed 3 motions in this Court (Motion to Seal; Expedited Motion to Compel; and Motion for an Expediting Briefing Schedule). At the same time in the EDVA, AIS has filed a Motion to Extend Fact Discovery. (**EXHIBIT 4**).[1] In sum, AIS:

---

[1] Obviously, if granted, the EDVA Motion would obviate the need for an expedited briefing schedule.

AIS's EDVA Motion makes it clear that "A brief extension will afford the District Court for the Eastern District of Michigan sufficient time to rule on AIS's Motion to Compel."

7

- Issued an August 16, 2023, subpoena;

- Received all subpoenaed documents by August 21;

- Waited 11-days before raising a single issue (lack of engagement letter) related to the subpoena. This issue was raised, bizarrely, during the course of a deposition;

- Waits another 7-days after the deposition to raise any issues with counsel for HLP; and

- Waits another 3-days (totaling 20 days after receiving all subpoenaed documents) to file a Motion for Expedited Briefing Schedule, the day before their fact discovery closes.

At no time during this process did AIS attempt or allow[2] dialogue as to why HLP asserted privilege over the Anonymous 3rd Party Client(s) identity, any issues with discovery provided, *et cetera*.

Given the importance of the attorney client privilege, the HLP Parties are in the process of retaining outside counsel to address the motion in chief and have recently learned that the court in the EDVA Case has set a hearing on Defendant Anthem's motion for a protective order for ***October 13, 2023,*** regarding an additional party deposition (**EXHIBIT 5**), demonstrating that even the EDVA does not consider Plaintiff's expanded discovery requests to be an emergency.

---

[2] HLP's counsel insisted that AIS conduct a meet and confer, over their objections, on September 11. The meet and confer was brief, and AIS refused to dialogue on substantive issues, and refused offers by HLP's counsel to resolve the matter.

8

# ARGUMENT

This Court should not grant an expedited briefing schedule or vary from the Standard Briefing Schedule provided for by Local Rules 7.1(e). To jam/pressure/burden a fellow non-party law firm and avoid proper briefing, and despite HLP's repeated efforts to work with AIS and its counsel, AIS and its Counsel delayed/refused to discuss and resolve matters, while simultaneously seeking to force an expedited briefing schedule, citing a "District courts['] … broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." <u>Drews v. Am. Airlines,</u> 68 F. Supp. 3d 734, 744 (E.D. Mich. 2014) (citing <u>Marie v. Am. Red Cross</u>, 771 F.3d 344, 366 (6th Cir. 2014). For all the following reasons, Plaintiff's motion should be denied in its entirety.

**1. Plaintiff Seek to Place Undue Burden on Non-Parties**

Aside from Plaintiff seeking improper tactical advantage by attempting to force a short briefing schedule, the Court should weigh the burden placed on a non-party. Conspicuously, AIS seeks a Motion to Compel response ***today***, September 12, 2023, mere hours after they filed their Motion, with a hearing on Thursday, September 14, 2023. The Non-Parties HLP will not have even been properly served by the time that AIS asserts that this Court should conduct a hearing. The Eastern District of Michigan has considered burdens placed on non-parties with expedited briefing schedules and denied such requests. For example, in one case, the court stated:

9

> **The Court finds an expedited briefing schedule to be an onerous burden to place on a non-party in a case that Plaintiff filed on February 21, 2007, over three years prior to serving Respondent with Plaintiff's first subpoena.** Thus, the Court does not find that Plaintiff's most recent assertions in its Motion to Compel show the Court's prior denial of Plaintiff's request for an expedited briefing schedule was the result of a palpable defect. Accordingly, the Court denies Plaintiff's second request for an expedited briefing schedule in this matter.

Atlantech, Inc. v Am. Panel Corp., 11-50076, 2011 WL 2265539, at *2 (E.D. Mich. June 8, 2011). (emphasis added). Like Atlantech, this court should consider the undue burden on non-parties, HLP, to respond to a motion that was obviously being prepared for numerous days, sprung on non-parties, and offers no time to properly brief the complex issues, in which HLP will be fighting to prevent Plaintiff's improper and blatant attempt to invade the most sacred of privileges - the attorney client privilege. Given what is at stake, and the complexity of the issues, the burden sought to be placed on non-parties is too much to ask anyone to shoulder, and the motion should be denied on this basis alone.

    **2. Plaintiff Does Not Show Proper Cause to Alter Standard Briefing**

As mentioned above, AIS seeks a Motion to Compel response today, September 12, 2023, mere hours after they filed their Motion, with a hearing on Thursday, September 14, 2023. **Non-party HLP will not have even been properly served by the time that AIS asserts that this Court should conduct a hearing.** AIS's delay and then crunch actions are transparent – they merely want to pressure and prevent a fully informed hearing. Were this Court to compel HLP to

provide further information or testimony to AIS, HLP would not raise objections that AIS's discovery period (which they have sought to extend) was closed. Moreover, the fact that AIS's discovery period is closing is something of which they were well (and long) aware. The simple passage of time is not an emergency. For example, the Eastern District of Michigan has stated:

> Davis's August 13, 2020 Emergency Motion to Expedite asked this Court to order expedited briefing by Defendants, and expedited scheduling and adjudication by the Court, of Davis's August 13th Motion to Amend, so that Plaintiff have a ruling prior to the date on which his response to the Commission's Motion to Dismiss would be due – which was August 17th. This is nonsense. In essence, Davis's counsel asked the Court to order near immediate response briefs from Defendants,2 and issue a near immediate ruling on his Motion to Amend, so that Davis would have a decision on his motion before his brief in response to the Commission's Motion to Dismiss was due. **That is not an emergency.**

Davis v Wayne County Election Commn., 20-11819, 2020 WL 7353475, at *2 (E.D. Mich Dec. 15, 2020) (emphasis added). ***The Court denied the motion and cautioned Davis's counsel that the Court may impose sanctions if he continues to file frivolous "emergency" motions that are simply based on his desire for immediate rulings by the Court, rather than any circumstance constituting an actual emergency."*** Id.

Similarly, here, Plaintiff seeks to declare an emergency based on delays that were of their own making. It is apparent that the discovery issues that Plaintiff

11

attempts to paint as an emergency are not so, given the EDVA Court's hearing date on a separate protective order for October 13, 2023.

Unlike the Eastern District of Michigan, the Western District of Michigan has a local rule providing that a moving party must demonstrate that the "motion may be rendered moot before the motion is briefed in accordance with the schedules set forth herein[.]" W.D. Mich. LCivR 7.1(e). Black v Gordon, 1:20-CV-1143, 2020 WL 12618927, at *1 (W.D. Mich. Dec. 9, 2020).

Even if this Court was to consider the WDMI rule, the Plaintiff has not shown that the relief sought would be moot, only that the Court's fact discovery deadline "might" expire, which again is a problem of Plaintiff's own making. As Block stated, "The federal and local rules provide a mechanism for granting expedited relief. But, those rules contain procedural protections for the non-moving party, which much be overcome for the Court to grant any relief." Black v Gordon, 1:20-CV-1143, 2020 WL 12618927, at *1 (W.D. Mich Dec. 9, 2020).

Here, Plaintiff seeks to ignore procedural rules and protections and the EDVA's fact discovery deadline and force a non-party law firm to address important privilege issues on an artificial timeline. For this reason alone, the motion should be denied.

### 3. The HLP Parties Are in the Process of Retaining Outside Counsel

Finally, given the importance of the attorney client privilege issue to both HLP and other non-parties possessing the privilege at stake, HLP is in the process

of retaining outside counsel to protect its rights and the rights of its clients. Outside counsel is coming up to speed, intend to enter a notice of appearance, and will be prepared to respond with the Standard Briefing timeless. As such, HLP requests that the motion be denied so that HLP may finish obtaining outside counsel and prepare a proper response.

### 4. Conclusion

The motion should be denied as Plaintiff seeks to impose improper burden on a non-party, has not demonstrated good cause to change the Standing Briefing timeline, and there is no emergency other than one of Plaintiff's making.

**Dated**: September 12, 2023,   Respectfully submitted,
**THE HEALTH LAW PARTNERS, P.C.**

/s/ Clinton Mikel
Clinton Mikel, (P73496),
Attorney for **Non-Parties**
The Health Law Partners, P.C.
and Robert Dindoffer, Esq.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

## CERTIFICATE OF SERVICE

      I certify that on September 12 , 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

                                  s/Clinton Mikel
                                  Clinton Mikel
                                  The Health Law Partners, P.C.
                                  Attorney for **Non-Parties**
                                  The Health Law Partners, P.C.
                                  and Robert Dindoffer, Esq.
                                  32000 Northwestern Hwy., Ste. 240
                                  Farmington Hills, MI 48334

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

4862-4848-9589, v. 1

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Farmington Hills, MI 48334 - (248) 996-8510